UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE LETROY BERRY,

          Petitioner,           Case Number 16-12041
v.                                         Honorable David M. Lawson

UNITED STATES OF AMERICA,

          Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, Duane Letroy Berry filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241 on June 2, 2016, when he was detained by the United States Marshal and the Sanilac County Sheriff in Sandusky, Michigan. Berry was in custody there at the time under this Court's order directing the United States Attorney General to take custody of him for a psychiatric or psychological examination to determine his competency to stand trial. The order stated that the detention should not exceed thirty days. *See* Pet. for Writ of Habeas Corpus, ECF No. 1; *see also United States v. Berry*, No. 2:15-cr-20743, Order Granting Oral Mot. for Competency Examination, *etc.*, ECF No. 19 (E.D. Mich. Dec. 23, 2015). Berry contends that the Sanilac County Sheriff held him in custody for more than 120 days in violation of this Court's order in his criminal case. He sought immediate release from his allegedly unlawful detention.

Berry no longer is in the custody of the Sanilac County Sheriff or the United States Marshal. He presently is in the custody of the United States Bureau of Prisons at the Butner Medical Center in Butner, North Carolina under an order of commitment for treatment. He has been found incompetent to stand trial.

In a notice to the Court filed on August 16, 2016, Berry alleged that he was an agent of the

Executive Branch of the United States Government. He sought $1.25 billion dollars in damages for his unlawful incarceration in the Sanilac County Jail, and he demanded that the Court order his release within seventy-two hours of receipt of his notice. *See* Judicial Notice, ECF No. 8. In another "judicial notice," the petitioner sought a transfer of assets from 12 federal reserve banks to him as compensation for his alleged unlawful incarceration. *See* Judicial Notice, ECF No. 9.

Berry is not entitled to the relief he seeks for at least three reasons. *First*, the request for money damages is not cognizable in this habeas action because the traditional purpose of habeas corpus is an attack on the fact or length of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). Habeas corpus is not an appropriate or available federal remedy for a damages claim. *Ibid*.

*Second*, although Berry's request for release from custody is appropriate in a habeas corpus petition,

> [t]he Constitution's case or controversy requirement confines the jurisdiction of the courts to "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character . . . ." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citation omitted). Accordingly, this Court lacks jurisdiction to consider any case or issue that has "lost its character as a present, live controversy" and thereby becomes moot. *Hall v. Beals*, 396 U.S. 45, 48 (1969). Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).
> . . .
>
> "'Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720-21 (6th Cir. 1983) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis*, 494 U.S. at 477–78. If "events occur during the pendency of a litigation which render the court unable to grant the requested relief," the case becomes moot and thus falls outside [the Court's] jurisdiction. *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)

(internal citations and quotation marks omitted).

*Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009).

Berry was confined in the Sanilac County Jail when he filed his habeas petition, but records maintained by the Federal Bureau of Prisons on its official website indicate that Berry currently is located at the Butner Federal Medical Center in Butner, North Carolina. *See* inmate locator at www.bop.gov. Thus, Berry's detention in the Sanilac County Jail is no longer a live controversy; it is a moot issue. The fact that the dispute was alive when Berry filed his habeas petition is not enough; a petitioner must continue to have an actual injury that is capable of being redressed by a favorable judicial decision. *Demis*, 558 F.3d at 512 (quoting *Brock v. United States Dep't of Justice,* 256 F. App'x 748, 750 (6th Cir. 2007)). Berry presently has no actual injury that the Court can cure, because he sought release from the Sanilac County Jail, and he is no longer detained there.

*Third*, Berry's claim that he continues to be detained unlawfully lacks merit because the Court declared him incompetent to stand trial on August 25, 2016, following a hearing in his criminal case. And on August 30, 2016, the Court entered a valid order committing Berry to the custody of the Attorney General for treatment in a suitable facility under 18 U.S.C. § 424(d). *See Berry*, No. 2:15-cr-20743, ECF No. 45. Berry is confined under a valid order of the Court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated:   October 18, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 18, 2016.

                                   s/Susan Pinkowski
                                   SUSAN PINKOWSKI